UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MINGHAO YANG,

                Plaintiff,

    v.

WU RESTAURANT LLC and YIJING WANG,

                Defendants.
-----------------------------------------------------------------x

Case No: 1:19-cv-4473

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, MINGHAO YANG ("Plaintiff"), by and through his attorney, The Harrison Law Firm P.C., hereby bring this complaint against Defendants, WU RESTAURANT LLC and YIJING WANG (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA"), and the New York Labor Law, N.Y. Lab. Law § 1 et seq. (hereinafter the "NYLL"), arising from Defendants' willful and unlawful employment policies, patterns, and practices.

2.    Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay Plaintiff minimum wage as well as overtime compensation.

3.    Defendants refused to record all of the time that Plaintiff worked, including work done in excess of forty hours each week.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 1 of 18

4.      Defendants failed to provide a Time of Hire Notice detailing rates of pay and payday information.

5.      Defendants failed to provide paystubs that accurately and truthfully listed Plaintiff's hours worked; the employer's name, address, and telephone number; the employee's rate or rates of pay; any deductions made from the employee's wages; any allowances claimed as part of the minimum wage; and the employee's gross and net wages for each pay day.

6.      Defendants failed to pay Plaintiff "spread of hours" premiums for shifts of more than ten hours in a single day.

7.      Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, (5) statutory penalties, and (6) litigation costs and reasonable attorneys' fees.

## JURISDICTION

8.      This Court has original federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the laws of the United States, specifically the FLSA.

9.      This Court has personal jurisdiction over both Defendants, because both Defendants do business in Queens County, New York, and maintain a principal place of business in Queens County, New York.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because such state law claims are so related to the Plaintiff's federal law claims that they form part of the same case or controversy.

## VENUE

11.     Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants are residents of New York and both Defendants reside in this district.

12.     Venue in the Eastern District is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PLAINTIFF

13.     WU RESTAURANT LLC employed Plaintiff as a waiter at two restaurants owned and/or operated by WU RESTAURANT LLC.

## DEFENDANTS

Corporate Defendant

14.     WU RESTAURANT LLC is a domestic for-profit corporation organized under the laws of the State of New York with its principal place of business at 136-55 37th Ave., Flushing, NY 11354.

15.     Upon Plaintiff's information and belief, WU RESTAURANT LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16.     At all times hereinafter mentioned, the activities of WU RESTAURANT LLC constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r) and (s).

17.     Upon Plaintiff's information and belief, WU RESTAURANT LLC purchased and handled goods that were moved in interstate commerce.

18.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by WU RESTAURANT LLC.

19.     At all relevant times, WU RESTAURANT LLC was and still is an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law § 190(3).

20.     WU RESTAURANT LLC has two restaurant locations: 136-72 Roosevelt Ave., Flushing, NY 11354 and 136-55 37th Ave., Flushing, NY 11354.

Owner / Operator Defendant

21.     Upon Plaintiff's personal knowledge, at all relevant times Defendant YIJING WANG was in charge of all areas of WU RESTAURANT LLC, including the hiring, management, and termination of employees; as well as determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load, and employment policy.

22.     Defendant YIJING WANG had the ultimate decision-making authority over issues such as whether to pay minimum wages and overtime wages in accordance with the law.

23.     Upon Plaintiff's personal knowledge, at all relevant times YIJING WANG acted directly or indirectly in the interest of WU RESTAURANT LLC in relation to Plaintiff and other WU RESTAURANT LLC employees.

## **STATEMENT OF FACTS**

24.     Defendants committed the following acts against Plaintiff knowingly, intentionally, and willfully.

25.     From on or about July 8, 2019 through July 18, 2019, Defendants employed Plaintiff as a waiter.

26.     Plaintiff worked at two different restaurant locations, both owned and/or operated by Defendants: 136-72 Roosevelt Ave., Flushing, NY 11354 and 136-55 37th Ave., Flushing, NY 11354.

27.     Plaintiff was a tipped employee.

28.     Defendants paid Plaintiff a fixed wage of $60.00 per day, regardless of the actual number of hours that Plaintiff worked in any given day.

29.     Plaintiff worked for Defendants for a total of nine work days.

30.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31.     On July 8, 2019, Plaintiff worked 12 hours.

32.     On July 9, 2019, Plaintiff worked 13.5 hours.

33.     On July 10, 2019, Plaintiff worked 12 hours.

34.     On July 11, 2019, Plaintiff worked 6 hours.

35.     On July 12, 2019, Plaintiff worked 9 hours.

36.     On July 13, 2019, Plaintiff did not work.

37.     On July 14, 2019, Plaintiff worked 9 hours.

38.     In Plaintiff's first week of work, Plaintiff worked a total of 61.5 hours.

39.     At all relevant times, and at Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC knowingly, intentionally, and willfully failed

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 5 of 18

to pay Plaintiff his lawful overtime compensation of one and one half times his regular rate of pay for all hours worked over forty in a given work week.

40.     Plaintiff also worked from July 16 through July 18, 2019.

41.     Defendants failed to pay Plaintiff the legally required minimum wage for all time that Plaintiff worked from July 8 through July 18, 2019.

42.     At all relevant times, Plaintiff was one of three waiters at Defendants' restaurants.

43.     The three waiters agreed to share equally in all the tips received in any given day.

44.     Each day, Defendants withheld approximately 30% of Plaintiff's share of the tips.

45.     Plaintiff worked more than ten hours in a single day on several occasions.

46.     Although Plaintiff worked more than ten hours in a single day on several occasions, Defendants never paid Plaintiff the required spread of hours payments.

47.     At Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC failed to keep full and accurate records of Plaintiff's hours and wages.

48.     At all relevant times and at Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC knowingly, intentionally, and willfully failed to provide Plaintiff with a Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) reflecting Plaintiff's true rates of pay and payday.

49.     At all relevant times and at Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC knowingly, intentionally, and willfully failed to provide Plaintiff with paystubs that listed the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages,

any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

50.     At all relevant times and at Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC failed to allow Plaintiff any time for lunch or dinner breaks.

51.     At Defendant YIJING WANG's direction and instruction, Defendant WU RESTAURANT LLC knowingly, intentionally, and willfully failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

## STATEMENT OF CLAIMS

### Count 1. FLSA Minimum Wage Violations

### (Plaintiff against Both Defendants)

52.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 § 203(b), (s)(1).

54.     At all relevant times, Defendants were covered employers under the FLSA.

55.     Plaintiff was not exempt from the requirement that Defendants pay Plaintiff the prevailing minimum wage under the FLSA.

56.     Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 7 of 18

57.     As a result of their failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

58.     Defendants' conduct constitutes willful violations of the FLSA.

59.     Defendants' violations of the FLSA significantly damaged Plaintiff, and Plaintiff is entitled to recover the total amount of his unpaid minimum wages, an additional equal amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

## Count 2. NYLL Minimum Wage Violations

### (Plaintiff against Both Defendants)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

61.     At all relevant times, Defendants were covered employers under the NYLL.

62.     The NYLL requires covered employers such as Defendants to pay all nonexempt employees the prevailing minimum wage for all hours worked.

63.     Plaintiff was not exempt from the requirement that Defendants pay him the prevailing minimum wage under the NYLL.

64.     Defendants failed to pay Plaintiff the prevailing minimum wage for all hours that Plaintiff worked for Defendants.

65.     As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours, Defendants violated the NYLL.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 8 of 18

66.     Defendants' violations of the NYLL have significantly damaged Plaintiff, and Plaintiff is entitled to recover the total amount of his unpaid minimum wage, an additional amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 3. FLSA Overtime Wages Violations

### (Plaintiff against Both Defendants)

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

68.     At all relevant times, Plaintiff regularly worked in excess of forty hours per workweek.

69.     At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times his hourly wage for all work in excess of forty hours per workweek.

70.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours worked in excess of forty hours per workweek.

71.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover damages in the amount of his respective unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 4. NYLL Overtime Wages Violations

### (Plaintiff against Both Defendants)

72.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

73.     Plaintiff regularly worked in excess of forty hours per workweek.

74.     At all relevant times, Defendants operated under a decision, policy, and plan of willfully failing and refusing to pay Plaintiff at one and one-half times Plaintiff's hourly wage for all work in excess of forty hours per workweek.

75.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his hourly wage for all hours that Plaintiff worked in excess of forty hours per workweek.

76.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants damages in the amount of Plaintiff's unpaid overtime compensation, liquidated damages, costs, reasonable attorneys' fees, and interest.

### Count 5. NYLL Violations for Failure to Pay Wages

### (Plaintiff against Both Defendants)

77.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

78.     NYLL § 191 et seq. requires covered employers, such as Defendants, to pay employees wages with requisite frequency in accordance with the agreed terms of employment.

79.     Plaintiff was not exempt from the requirement that Defendants pay Plaintiff for all wages earned in accordance with his agreed terms of employment under the NYLL.

80.     At all relevant times, Defendants did not pay Plaintiff his wages earned in accordance with the agreed terms of employment.

81.     At all relevant times, Defendants did not pay Plaintiff wages earned for all hours worked.

82.     As a result of Defendants' failure to pay Plaintiff his wages earned in accordance with his agreed terms of employment, Defendants violated the NYLL.

83.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

84.     Defendants' violations of the NYLL have significantly damaged Plaintiff, and Plaintiff is entitled to recover the total amount of Plaintiff's unpaid wages earned in accordance with his agreed terms of employment, an additional amount in liquidated damages, costs, reasonable attorneys' fees, and interest.

## Count 6. NYLL Spread of Hours Pay Violations

### (Plaintiff against Both Defendants)

85.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

86.     On several occasions, Plaintiff worked more than ten hours in a single workday.

87.     For days on which Plaintiff worked more than ten hours in a single workday, Defendants failed to fully compensate Plaintiff for one hour's pay at the basic New York minimum hourly wage rate, as required by New York law as "spread of hours" pay.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 11 of 18

88.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the spread of hours pay underpayment, liquidated damages, as well as attorneys' fees, costs, and interest.

## Count 7. NYLL Meal Time Violations

### (Plaintiff against Both Defendants)

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

90.     At all relevant times, Defendants failed to provide Plaintiff with any time for the noon day meal.

91.     Plaintiff worked shifts that started before eleven o'clock in the morning and continued later than seven o'clock in the evening.

92.     Defendants failed to allow an additional meal period between five and seven o'clock in the evening.

93.     Defendants' failure to provide the meal periods was not in good faith.

94.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages, liquidated damages, costs, reasonable attorneys' fees, and interest.

## Count 8. NYLL Record-Keeping Violations

### (Plaintiff against Both Defendants)

95.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 12 of 18

96.     Defendants did not maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years.

97.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fee.

98.     Upon Plaintiff's information and belief, Defendants failed to maintain adequate and accurate written records of Plaintiff's actual hours worked and true wages earned by Plaintiff.

99.     Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

100.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

### Count 9. NYLL Time of Hire Wage Notice Requirement Violations

### (Plaintiff against Both Defendants)

101.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

102.    At all relevant times, Defendants were covered employers under the NYLL.

103.    Defendant failed to supply Plaintiff with notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 13 of 18

applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

104.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

105.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

**Count 10. Failure to Furnish Accurate Wage Statements in Violation of NYLL**

**(Plaintiff against Both Defendants)**

106.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

107.    At all relevant times, Defendants were covered employers under the NYLL.

108.    The NYLL requires covered employers, such as Defendants, to furnish wage statements to its employees with every payment of wages and to provide wage notices.

109.    Plaintiff was not exempt from this requirement.

110.    Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 14 of 18

commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

111.    Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

112.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

## Count 11. Theft of Tips in Violation of the NYLL

### (Plaintiff against Both Defendants)

113.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

114.    At all relevant times, Plaintiff was a tipped employee.

115.    Customers paid tips to Plaintiff every day that Plaintiff worked.

116.    Defendants wrongfully stole a portion of Plaintiff's tips.

117.    Defendants' conduct constitutes willful violations of the NYLL and/or its regulations.

118.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to damages, liquidated damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

## Count 12. Theft of Tips in Violation of the FLSA

### (Plaintiff against Both Defendants)

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 15 of 18

119.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

120.    At all relevant times, Plaintiff was a tipped employee.

121.    Customers paid tips to Plaintiff every day that Plaintiff worked.

122.    Defendants wrongfully stole a portion of Plaintiff's tips.

123.    Defendants' conduct constitutes willful violations of the FLSA and/or its regulations.

124.    Due to Defendant's violations of the FLSA, Plaintiff is entitled to damages, liquidated damages, costs, reasonable attorneys' fees, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

A.    Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.    Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law from engaging in each of the unlawful practices and policies set forth herein;

C.    Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against Defendants and in favor of Plaintiff, plus an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations, as well as such pre-judgment and post-judgment interest as may be allowed by law;

D.      Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and/or its regulations and award those damages against Defendants and in favor of the Plaintiff, plus liquidated damages in the amount of one hundred percent of such damages pursuant to the New York Wage Theft Prevention Act, as well as such pre-judgment and postjudgment interest as may be allowed by law;

E.      Award Plaintiff an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

F.      Award Plaintiff liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premiums pursuant to the NYLL;

G.      Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

H.      Award Plaintiff the maximum amount allowed by law for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

I.      Award Plaintiff statutory damages for Defendants' violations of the NYLL's notice and recordkeeping requirements;

J.      Award Plaintiff his reasonable attorneys' fees and costs and disbursements in this action, including, but not limited to, any accountants' or experts' fees;

K.      Grant Plaintiff such other and further relief that the Court deems just and proper.

Yang v. Wu Restaurant LLC et al.
Case No: 1:19-cv-4473
Complaint

Page 17 of 18

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Dated: Flushing, New York
August 4, 2019

Respectfully submitted,

By: _Baya W. Harrison_
Baya W. Harrison, Esq.
New York Bar: 5678610
The Harrison Law Firm P.C.
38-08 Union Street, Suite 11A, Flushing, NY 11354
Tel: (866) 943-2692
Fax: (866) 943-2692
Email: bwh@heboya.com
Attorney for Plaintiff