# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

January 8, 2020

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Yang v. Wu Restaurant LLC et al.
        Case No.: 19-CV-4473 (DLI) (PK)

Dear Judge Kuo:

      This firm represents Defendants in this case. We write to request a telephone conference regarding this matter. Plaintiff's counsel has not advised whether he consents to this request.

      Plaintiff worked for Defendants for a total of seven days in the middle of 2019 and claims that he was not properly paid for all of his work, that Defendants took some of his tips, and that he did not receive a paystub. According to Plaintiff, his best-case scenario damages total approximately $3,500. Defendants dispute a number of Plaintiff's factual allegations, most importantly that they misappropriated Plaintiff's tips, and also believe that a number of Plaintiff's claims are legally deficient as well. Therefore, Defendants contend that should Plaintiff succeed at trial that Plaintiff is owed less than $3,500.

      Because the damages in this case are so small, Defendants have tried to resolve this case with Plaintiff and have engaged in settlement talks for months. Every dollar matters to Defendants and moving to vacate the default or filing an answer may ultimately cost Defendants as much as Plaintiff is allegedly owed. It is for this reason that Defendants have engaged in settlement discussions and have made a number of offers to resolve this case. Initially, Plaintiff agreed to negotiate and made demands but appears to have stopped negotiating and has advised Defendants that he intends to file a motion for a default judgment (which he had agreed to hold off on while we agreed to negotiate). Given that the parties have been in contact for months, Defendants have viable defenses, and there is no prejudice to Plaintiff, Defendants believe

Plaintiff's motion would be denied.  U.S. Commodity Futures Trading Comm'n v. Safety Capital Mgmt., Inc., No. 15-CV-5551 (RJD)(PK), 2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017) (Kuo, M.J.) report and recommendation adopted (in determining whether to vacate the entry of a default, a court weighs: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.") This is especially true given the "strong public policy in favor of adjudicating this case on the merits." Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C., No. 07 CIV. 0612 BMC, 2011 WL 4529605, at *7 (E.D.N.Y. Sept. 28, 2011).  Such a motion would therefore be a waste of judicial resources and would certainly cost the parties far more than what even Plaintiff claims he is owed.

  At bottom, this is a small case that should settle.  We therefore ask that the Court schedule a telephone conference, if possible, to facilitate resolution of this matter.

  Thank you for your attention to this matter.

        Respectfully Submitted,
        ------------------/s/------
        Michael Taubenfeld